```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH F. JUSTICE,

                    Plaintiff,

      -against-                            ORDER
                                           12-CV-5103(JS)(WDW)
C/O MERCHANT, C/O SANTIAGO,
C/O JOHN DOES # 1-2,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Allah F. Justice, Pro Se
                   11007727
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, New York 11554

For Defendants:    No Appearances
```

SEYBERT, District Judge:

On October 17, 2012, incarcerated pro se plaintiff Allah F. Justice ("Plaintiff") filed his ninth in forma pauperis Complaint in this Court pursuant to Section 1983 accompanied by an application to proceed in forma pauperis.[1] The instant Complaint, against Nassau County Corrections Officers Merchant, Santiago, and

---

[1] Plaintiff's other actions are: Justice v. Nassau County Jail, et al., 07-CV-3800(JS)(WDW)(dismissed on Dec. 1, 2009 for failure to prosecute); Justice v. Reilly, 08-CV-3266(JS)(WDW) (dismissed on Sept. 10, 2009 for failure to prosecute); Justice v. Corporal McFadden, 08-CV-3918 (JS)(WDW) (dismissed on Sept. 9, 2009 for failure to prosecute); Justice v. Corporal McGovern, 11-CV-5076(JS)(WDW) (partial dismissal on Dec. 6, 2011 for failure to state a claim); Justice v. Sposato, et al., 11-CV-5946(JS)(WDW) (dismissed on March 7, 2012 for failure to state a claim and with leave to amend); Justice v. Sposato, et al., 12-CV-0473(JS)(WDW) (dismissed for failure to state a claim on April 9, 2012); Justice v. Nassau County Police, et al., 12-CV-2061(JS)(WDW)(Report and Recommendation dated Oct. 12, 2012 recommending dismissal for failure to state a claim); Justice v. Rice, et al., 12-CV-2865(JS)(WDW)(dismissed on July 6, 2012 for failure to state a claim).

two unidentified "John Doe" corrections officers (collectively, "Defendants"), purports to allege that Plaintiff was forced to strip and was then assaulted by the Defendants while in his cell at the Nassau Correctional Center on September 29, 2012 at approximately 10:30 p.m.

Upon review of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the Court's filing fee. The Court has considered whether the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") would bar Plaintiff from filing this action in forma pauperis and finds that it does not. 28 U.S.C. § 1915(g) bars prisoners from proceeding in forma pauperis after three or more previous claims have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). The Court has reviewed each of the dismissals of Plaintiff's prior cases to determine whether such dismissals

2

count as strikes for purposes of the PLRA. Dismissals based on a plaintiff's failure to prosecute do not count as strikes. See, e.g., Johnson v. Truedo, No. 11-CV-0627, 2012 WL 3054114, *4 (N.D.N.Y. June 15, 2012) (Report and Recommendation Adopted by 2012 WL 3062293 (N.D.N.Y. July 26, 2012)) (citing Toliver v. Perri, No. 10-CV-3165, 2011 WL 43461, at *1 (S.D.N.Y. Jan. 6, 2011) (add'l citation omitted). Similarly, dismissals that post-date the filing of the current case generally should not be counted in determining whether to bar in forma pauperis status in the current case. See Read v. Bill, No. 11-CV-6367, 2011 WL 6148635, *3 (W.D.N.Y. Oct. 21, 2011); Eady v. Lappin, No. 05-CV-0824, 2007 WL 1531879 (N.D.N.Y. May 22, 2007). Given these exceptions, Plaintiff has not yet accumulated three strikes despite his nine in forma pauperis cases.

Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. The Clerk of the Court is directed to forward copies of the summonses for Defendants Merchant and Santiago, the Complaint and this Order to the United States Marshal Service for service on the named Defendants forthwith.

However, the United States Marshal Service will not be able to serve the intended "John Doe" Defendants without more information. Accordingly, the Clerk of the Court shall send a copy of the Complaint and this Order to the Nassau County Attorney. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per

curiam), the Court requests that Nassau County Attorney ascertain the full names and service address(es) of the corrections officers, who were involved in the incident described in the Complaint to have occurred on September 29, 2012 at approximately 10:30 p.m. at the Nassau County Correctional Center. The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in Valentin. **The Nassau County Attorney is hereby requested to produce the information specified above regarding the identities and service addresses of the corrections officers by January 7, 2013.** Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the John Doe Defendants, summonses shall be issued and the Court shall direct service on these Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 5, 2012

Central Islip, NY